## COMANCHE STATE BANK v. WATKINS et al.

No. 5712.   Opinion Filed March 14, 1916.

(156 Pac. 203.)

1.  **DEPOSITARIES—Money Deposited—Diversion from Purpose.**
Money deposited in escrow for a certain, fixed, and definite purpose cannot be applied to the use or benefit of either party to the escrow agreement until the objects for which same was deposited have been fully discharged, unless by the consent of the parties.

2.  **SAME—Wrongful Diversion—Sufficiency of Evidence.** The evidence in this case shows conclusively that the purpose for which the money was deposited had not been discharged, and fails to show any right in the holder of the same to apply the same to its own use and benefit.

(Syllabus by Hooker, C.)

*Error from District Court, Stephens County;*
*Frank M. Bailey, Judge.*

Action by F. E. Watkins and another against the Comanche State Bank.   Judgment for plaintiffs, and defendant brings error.   Affirmed.

*A. W. Reynolds* and *T. B. Reeder,* for plaintiff in error.

*W. Y. Dilley* and *J. B. Wilkinson,* for defendants in error.

Opinion by HOOKER, C. On the 23d day of February, 1909, defendant in error F. E. Watkins entered into a certain contract with G. W. Vaught and his wife relative to the Sarah Hickman allotment in Stephens county, by the terms of which contract it was agreed that a deed from said Vaught and wife to Watkins was to be delivered to him when he placed in escrow $3,000 to pay for said land when the title was perfected in him. It is further provided in the contract that the said Watkins was to furnish the money to perfect the title, and was to be the judge of the amount of money to be used in perfecting said title, and that if any heirs were found to the land who had not deeded their interest to the said Vaught, the second party was to buy the interest of said heirs, and in paying therefor was to use as much of the $3,000 stated above as was necessary for that purpose. It was further provided that the cost of perfecting the title and procuring the deed from the heirs was to be paid from the $3,000, and, if any remained, that the same should go to G. W. Vaught and his wife. By agreement of the parties the $3,000 was deposited in the Comanche State Bank to be used for the purpose aforesaid. This money was deposited with said bank, and quite a large amount thereof, to wit, $2,395.04, was paid out by Watkins in perfecting the title to the land. It appears from the evidence introduced upon the trial of this cause that the title Vaught had to this property at the time he made this contract and

deed was of very little value, and that Watkins was compelled to pay about $4,000 in order to acquire a good title to the property, and he used practically $2,400 of the money deposited in the bank and about $1,500 of his own money to procure a good title to this land, and that after these things had been done, he demanded from the bank the balance of this money, which it refused to pay to him for the reason that it claimed that Watkins had stated, at one time prior thereto, that he had no interest in the money thus left in its possession, and that it had appl'ed the same to a note due to it by Vaught, and for that reason it refused to pay to Watkins the money sued for in this action, to wit, about $604.

It is apparent from the contract between the parties that this money was deposited in the bank for a certain, definite, and fixed purpose. Under the contract no d'scretion was vested in the bank to determine anything, nor was it to be called upon to decide at any time any question for the parties to the contract. Its only duty was to hold the money and to pay the same out, as Watkins directed, for the purpose of procuring a title to this property. Vaught had no interest in the money, nor any right to any part of it, until the title had been perfected and approved by Watkins, and the money necessary to perfect the title was to be deducted from the sum deposited with the bank, and Vaught's only interest was to be determined by deducting from the amount deposited the sum paid out for the purpose of quieting or perfecting the title to the property, and if any remained, the same belonged to Vaught. The undisputed evidence is that Watkins paid practically $4,000 to perfect this title, which was more than was left in escrow with the bank, and that in paying

this $4,000 he used $2,400 of the money deposited and $1,500 or more of his own money. Clearly, under the contract and the evidence, Vaught was not entitled to any of the money deposited with the bank, as it required under this evidence more than this sum to perfect the title to the property, and it follows that if Vaught was not entitled to this balance in the bank, or if the bank could not have paid the same to Vaught under the contract as due to him, the bank could not apply it to a debt due it by Vaught. If the bank had paid the money to Vaught, it would have violated its duty, and would have been liable to Watkins therefor unless it had done so at his request.

Under this evidence this money was due to Watkins, and, considering fully the conversation claimed to have been had with Watkins by the officer of the bank in the presence of the witness Bristow, which is vague and uncertain, we cannot see how the bank can justify itself in applying the same to the satisfaction of a debt due it by Vaught, as the same is not supported by any consideration whatever, and cannot be considered as a direction, and by no means a consent. Neither this testimony, nor any inferences that could be drawn from it, can justify the bank in retaining the money, and there is no element of estoppel in this case. The bank has violated its duty, and should not be permitted, under the facts of this case, to violate its trust by applying this trust money to satisfy the debt of Vaught to it.

We therefore recommend that the judgment of the lower court be affirmed.

By the Court: It is so ordered.